McLAUGHLIN, Collector of Internal Revenue, v. BAKER, HAMILTON & PACIFIC CO.

Circuit Court of Appeals, Ninth Circuit.
March 11, 1929.

No. 5628.

George J. Hatfield, U. S. Atty., and George M. Naus and Chellis M. Carpenter, Asst. U. S. Attys., all of San Francisco, Cal., for appellant.

Warren Olney, Jr., J. M. Mannon, Jr., A. Crawford Greene, and Edwin S. Pillsbury, all of San Francisco, Cal., for appellee.

Before RUDKIN and DIETRICH, Circuit Judges, and BEAN, District Judge.

RUDKIN, Circuit Judge. This is an appeal from a judgment in favor of a taxpayer and against the collector of internal revenue for the recovery of taxes illegally collected. The case has been brought here for review on the judgment roll, and the sufficiency of the complaint to support the judgment is the only question presented for decision. The amount or value of the invested capital of the taxpayer during the year 1919 is the question at issue between the parties.

The complaint alleged, in general terms, that during that year the net taxable income of the taxpayer was the sum of approximately $625,000, and the true amount of invested capital the sum of approximately $3,230,000. These general allegations are sufficient, against an objection raised for the first time after judgment, unless it affirmatively appears from other allegations of the complaint that certain deductions made by the collector of internal revenue from the amount of the invested capital were authorized by law. The items thus deducted are four in number.

The first and principal item is thus explained. On January 2, 1918, the taxpayer purchased all the assets, consisting of stock in trade, furniture, and fixtures, accounts receivable, and the like, from two existing corporations. The assets thus purchased were entered on the books of account of the taxpayer in an amount approximately $998,000 in excess of the amounts for which they were carried on the books of the previous owners. Approximately $212,000 of this increase in value, or appreciation, was added to the purchase price of furniture and fixtures, and the balance to the purchase price of the stock in trade. During the year 1918, the taxpayer sold and disposed of the major part of the stock in trade purchased from the former owners, and through such resale realized a profit in the sum of approximately $739,000. The profit thus realized was retained by the taxpayer and reinvested in its business. The question for decision is: Did the profit thus realized by the taxpayer and reinvested in its business constitute a part of its invested capital for the year 1919?

We perceive no reason why it should not. Section 331 of the Revenue Act of 1918, 40 Stat. 1095, provides that, in case of the reorganization, consolidation, or change of ownership of a trade or business, or change of ownership of property, after March 3, 1917, if an interest or control in such trade or business or property of 50 per centum or more remains in the same persons, or any of them, then no asset transferred or received from the previous owner shall, for the purpose of determining the invested capital, be allowed a greater value than would have been allowed under this title in computing the invested capital of such previous owner, if such asset had not been transferred or received. This section simply provides against the allowance of a claim for appreciation in value, so long as the property purchased is retained by the purchaser in its original form. But if the property is resold and converted into cash, and a profit is realized on the resale, such profit is subject to taxation, and, if continued in the business as surplus or undivided profits, it becomes an addition to the invested capital for the ensuing year, and must be taken into account the same as money paid in or derived from any other source. It will be conceded, we think, that the amended complaint is faulty, and that it does not clearly and explicitly allege that this item was either surplus or undivided profits, as these terms are generally understood. Willcuts v. Milton Dairy Co., 275 U. S. 215, 48 S. Ct. 71, 72 L. Ed. 247. But the contrary does not appear, and, in view of the belated objection made to the complaint, we are constrained to hold that it is sufficient to support the judgment in this regard.

The next item in controversy is thus explained. In 1918, as already stated, the taxpayer added approximately $212,000 to the value of the furniture and fixtures on account of appreciation. This addition was improperly made, for reasons already stated. But during the same year the taxpayer wrote off this appreciation, or addition, thus leaving its books stand as if no addition for appreciation had ever been made. Notwithstanding this write-off, the Commissioner of Internal Revenue again deducted the amount. It will thus be seen that the improper addition made in 1918 has been twice deducted, once by the taxpayer, and once by the Commissioner.

After setting forth this double deduction for appreciation on furniture and fixtures in

1918, the complaint avers: "Said Commissioner of Internal Revenue nevertheless improperly, erroneously, and illegally deducted and excluded from plaintiff's invested capital the further sum of $42,539.48 as alleged depreciation upon the said appreciation of $212,697.38, allocated to said furniture and fixtures as aforesaid."

Referring to this allegation, counsel for appellant say, "As to just what that means, we do not know;" and on the record before us we are in no position to enlighten them, further than to say that the allegation in no wise impairs the effect of the general allegation in the complaint, setting forth the true amount of the invested capital for the year in question.

The last item complained of is a deduction based on the taxes for 1918. The complaint alleged that this deduction was erroneous, because the Commissioner was mistaken as to the amount of the taxes, and the court so found. If the deduction was made because of a mistake as alleged, the deduction was improper.

For the reasons stated, we are of opinion that the complaint is sufficient to support the judgment, as against an objection raised for the first time in this court, and the judgment is therefore affirmed.